UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| AMANDA RHODES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:24-cv-00401-ALT |
| ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

On September 24, 2025, this Court entered an Opinion and Order remanding this appeal of Plaintiff Amanda Rhodes' denial of Disability Insurance Benefits and Supplemental Security Income to the Social Security Administration for further proceedings. (ECF 20). On December 23, 2025, Plaintiff's counsel, Maren M. Bam, filed a motion for attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (ECF 22), together with supporting documentation (ECF 23), seeking $8,582.16 in attorney fees for 32.8 hours of attorney work and 1.4 hours of paralegal work (*Id*. at 2). On January 15, 2026, Defendant filed its response and does not oppose Plaintiff's request. (ECF 26).

The EAJA provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . , including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Here, Defendant the Commissioner of Social Security concedes that an award of $8,582.16 is appropriate. (ECF 26).

Therefore, Plaintiff's motion for attorney fees pursuant to the of EAJA (ECF 22) is GRANTED. Plaintiff is awarded $8,582.16 for attorney fees and expenses in full satisfaction of any and all claims that may be payable to Plaintiff in this matter under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.

Any fees paid belong to Plaintiff Amanda Rhodes and not Plaintiff's attorney and can be offset to satisfy any pre-existing debt that the litigant owes the United States. *Astrue v. Ratliff*, 560 U.S. 586 (2010). If Defendant can verify that Plaintiff does not owe a pre-existing debt to the government subject to the offset, Defendant will direct that the award be made payable to **Salus Law, LLC** pursuant to the EAJA assignment duly signed by Plaintiff. (*See* ECF 22; ECF 23-3). If payment is mailed, as compared to electronically deposited, it shall be mailed to counsel's address of record: **723 The Parkway, Richland, WA 99352**.

SO ORDERED.

Entered this 15th day of January 2026.

/s/ Andrew L. Teel  
Andrew L. Teel  
United States Magistrate Judge